**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF DELAWARE**

POST MEDIA SYSTEMS LLC

               Plaintiff,

     v.

NATURAL CUT SAS d/b/a JANGO.COM
and DKCM, INC.,

               Defendants.

**Civil Action No. _____**

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Post Media Systems LLC ("Post Media" or "Plaintiff") files this Complaint against Defendants Natural Cut SAS d/b/a Jango.com and DKCM, Inc. (collectively, "Natural Cut" or "Defendants"; and individually, "Defendant") and alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**THE PARTIES**

2. Plaintiff is a corporation organized under the laws of the State of Texas with a place of business at 556 County Road 557, Farmersville, TX 75442.

3. Upon information and belief, Natural Cut SAS is a corporation organized and existing under the laws of France, with a place of business at 28, rue de Paris, 78490 Montfort l'Amaury, France. Upon information and belief, Natural Cut SAS sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing

that they would be sold in this judicial district and elsewhere in the United States.  The president of Natural Cut SAS, Maria Romanova, reported to Plaintiff that she acquired Jango.com.

4.   Upon registered information in New York, DKCM, Inc. is a corporation organized and existing under the laws of Delaware, with a place of business at 76 Greene St., 3rd Floor, New York, New York 10023.  Upon information and belief, DKCM, Inc. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.  Further, this Court has personal jurisdiction over DKCM, Inc. because it is or was incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## JURISDICTION AND VENUE

5.   This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).  On information, DKCM, Inc. was or is incorporated in the State of Delaware.

8.   On information and belief, each Defendant is subject to this Court's general and specific personal jurisdiction because each Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute because each Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because each Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from each Defendant's business contacts and other activities in the

State of Delaware and this District.  Further, this Court has personal jurisdiction over DKCM, Inc. because it is or was incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## BACKGROUND

9.      This lawsuit asserts infringement of five United States patents, Nos. 7,069,310; 7,472,175; 8,015,263; 8,725,832; and 8,959,181 (the "patents in suit"). Alan Bartholomew is the sole inventor on each of the five issued patents.

10.      Raised in a family with a Quaker background, Alan Bartholomew studied music and performance with the cello, earning the BFA and MFA degrees from the California Institute of Arts. While studying music he taught himself programming and started a software development business that became a source of income to support his family. While developing office productivity software products for customers, he worked in his spare time to find creative ways of combining his musical interests and software expertise. This led to his developing a way to broadcast audio files over shared networks, now often referred to as podcasting, such as used for entertainment, marketing and educational purposes (*e.g.* for distance learning). His work led to the patents in suit. His research also led to the development of audio and video recording software products that he has successfully sold through his company SoniClear, helping customers record government meetings and court proceedings, including cities, school districts, and courts around the country.

11.      Now nearing retirement, concerned about maintaining his software business in the volatile economy, he has chosen to stay focused on the development of software products related to his SoniClear business, rather than developing new patent ideas. Having spent much money and effort to develop his inventions and procure patents, Mr. Bartholomew hopes to recoup costs without incurring financial risk to his family. Mr. Bartholomew turned to Post Media, whose

purpose in part is to conduct the work necessary to reward and provide compensation to Mr.

Bartholomew for the patents in suit.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,069,310

12.     The allegations set forth in the aforementioned paragraphs 1 through 11 are

incorporated into this First Count for Relief.

13.     On June 27, 2006, U.S. Patent No. 7,069,310 ("the '310 patent"), entitled "System

and Method for Creating and Posting Media Lists for Purposes of Subsequent Playback," was

duly and legally issued by the United States Patent and Trademark Office.  A true and correct

copy of the '310 patent is attached as Exhibit 1.

14.     The inventive embodiments of the '310 patent resolve technical problems related

to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post,

share, and playback media, overcoming posting and interface issues specific to different

computing systems and accounts on shared networks.

15.     The claims of the '310 patent do not merely recite the performance of some

business practice known from the pre-Internet world along with a requirement to perform it on

the Internet.  Instead, the claims of the '310 patent recite one or more inventive concepts that are

rooted in computerized electronic data communications networks, and an improved method to

deliver content and provide interface among different accounts and computing systems.

16.     The claims of the '310 patent recite an invention that is not merely the routine or

conventional use of electronic devices for communications.  Instead, among other things, the

invention adds new features to deliver content, integrate application interfaces and other

protocols together on shared networks.  The '310 patent claims thus include improvements for,

for example, embedding media information and propagating changes in the media information to yield a desired result.

17.     The technology claimed in the '310 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

18.     Accordingly, each claim of the '310 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

19.     Plaintiff is the assignee and owner of the right, title and interest in and to the '310 patent, including the right to assert all causes of action arising under the patents and the right to any remedies for infringement of them.

20.     Upon information and belief, each Defendant has and continues to directly infringe at least claims 1 – 17, 22 – 24, 28 of the '310 patent by making, using, selling, importing, and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to share media for playback; for example, the embodiments include a system to propagate changes in lists in a computer network environment (the "'310 Accused Instrumentalities").  The '310 Accused Instrumentalities include at least jango.com, Jango Radio, Jangomusicnetwork, Jango Soundpedia, and Radio Airplay services and systems implementing that service (*e.g.* online, device Apps and websites).

21.     In particular, claim 1 of the '310 patent generally recites a system for sharing media for playback, where the system has a first computer system configured to connect to a server via a communication network; where the server includes references to audio data stored

on the server, where the audio data is from a plurality of sources and is stored in a condition for playback; where the first computer system is configured to obtain the references to the audio data from the server; where the first computer system is configured to create a mediagram specified by a creator user, where the mediagram includes the references enabling playback of the audio data, where the mediagram includes an atomic unit having at least one reference to the audio data and a set of media attributes; where the first computer system is configured to publish the mediagram to the server via the communication network; where the server is configured to receive and store the mediagram that includes the references enabling playback of the audio data; where the mediagram is referenced in an ordered list on the server; where at least one other peer computer system is configured to connect to the server via the communication network; where the server is configured to cause the ordered list having the mediagram to be displayed on the at least one other peer computer system in a way that enables a user of the at least one other peer computer system to select a list item for playback to the at least one other peer computer system; where the ordered list and contents of the ordered list are altered dynamically as a result of input provided to the ordered list; and where the set of media attributes contained in the mediagram is changed on the server and the server is configured to propagate changes to the mediagram automatically.

        22.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 1 of the '310 patent.  The citations include Natural Cut products that read on the claim. (*See*, *e.g.*, http://www.Jango.com; http://www.jango.com/faq; http://www.jango.com/music/Bruce+Springsteen; http://www.jango.com/music/Bruce+Springsteen+With+The+Sessions+Band; http://www.jango.com/music/Bruce+Springsteen+The+E+Street+Band;

http://www.jango.com/profiles/61073013?ft=1;

http://www.jango.com/music/Bryan+Adams/artist_pictures?page=3;

http://www.jango.com/users/61073013/stations;

https://www.facebook.com/v2.8/dialog/share_open_graph?redirect_uri=http%3A%2F%2Fstaticx

x.facebook.com%2Fconnect%2Fxd_arbiter%2Fr%2FiKWhU6BAGf7.js%3Fversion%3D42%23

cb%3Df3d6e5ba3584e98%26domain%3Dwww.jango.com%26origin%3Dhttp%253A%252F%2

52Fwww.jango.com%252Ff3eff1ee4aeb894%26relation%3Dopener%26frame%3Df3751f331cc

2d4%26result%3D%2522xxRESULTTOKENxx%2522&display=popup&action_type=jangoapp

%3Atune_in_to&action_properties=%7B%22radio_station%22%3A%22https%3A%2F%2Fww

w.jango.com%2Fstations%2F267959006%2Ftunein%22%7D&client_id=131549503542594&ret

=login&sdk=joey&ext=1491949001&hash=AeZN910omjQGmx4h.)

23.     Claim 2 of the '310 patent generally recites the system of claim 1, where the contents of the ordered list is altered based on a set of criteria.

24.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 2 of the '310 patent.  (*See*, *e.g.*, citations for claim 1 and http://www.jango.com/faq; http://www.jango.com/users/61073013/stations.)

25.     Claim 3 of the '310 patent generally recites the system of claim 1, where the contents of the ordered list is altered based on a set of behaviors.

26.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 3 of the '310 patent.  (*See*, *e.g.*, citations for claim 1 and http://www.jango.com/faq; http://www.jango.com/music/Bruce+Springsteen+With+The+Sessions+Band.)

27.     Claim 4 of the '310 patent generally recites the system of claim 1, where the contents of the ordered list is altered based on a set of behaviors and criteria.

28.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 4 of the '310 patent.  (*See*, *e.g*., citations for claims 1, 2 and 3.)

29.     Claim 5 of the '310 patent generally recites the system of claim 1, where the server is configured to order the mediagram within the ordered list based on a ranking.

30.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 5 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and http://www.jango.com/users/61073013/stations; http://www.jango.com/faq.)

31.     Claim 6 of the '310 patent generally recites the system of claim 1, where a ranking of the mediagram within the list is determined by a creator.

32.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 6 of the '310 patent.  (*See*, *e.g*., citations for claim 1; http://www.jango.com/faq.)

33.     Claim 7 of the '310 patent generally recites the system of claim 1, where a ranking of the list items is presented to the user to assist in selection.

34.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 7 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and http://www.jango.com/users/61073013/settings_edit?page_type=about; http://www.jango.com/music/Bryan+Adams; http://www.jango.com/faq.)

35.     Claim 8 of the '310 patent generally recites the system of claim 1, where a ranking of the list items is based on usage of the list items.

36.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 8 of the '310 patent.  (*See*, *e.g*., citations for claim 1; http://www.jango.com/users/61073013/stations; http://www.jango.com/faq.)

37.     Claim 9 of the '310 patent generally recites the system of claim 1, where the contents of the ordered list is stored in at least one database.

38.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 9 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and http://www.jango.com/users/61073013/stations.)

39.     Claim 10 of the '310 patent generally recites the system of claim 1, where the audio data referenced by the mediagram is retrieved via download to the at least one another peer computer system.

40.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 10 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and http://www.jango.com/faq.)

41.     Claim 11 of the '310 patent generally recites the system of claim 1, where the audio data referenced by the mediagram is sent to the at least one another peer computer system from a media streaming server.

42.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 11 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and http://www.jango.com/faq.)

43.     Claim 12 of the '310 patent generally recites the system of claim 1, where the audio data referenced by the mediagram is retrieved from a peer computer.

44.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 12 of the '310 patent.  (*See*, *e.g*., citations for claim 1; http://www.jango.com/faq and www.facebook.com/Jango.)

45.     Claim 13 of the '310 patent generally recites the system of claim 12, where the peer computer is the at least one another peer computer system.

46.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 13 of the '310 patent.  (*See*, *e.g*., citations for claim 12; https://www.facebook.com/v2.8/dialog/share_open_graph?redirect_uri=http%3A%2F%2Fstaticx x.facebook.com%2Fconnect%2Fxd_arbiter%2Fr%2FiKWhU6BAGf7.js%3Fversion%3D42%23 cb%3Df3d6e5ba3584e98%26domain%3Dwww.jango.com%26origin%3Dhttp%253A%252F%2 52Fwww.jango.com%252Ff3eff1ee4aeb894%26relation%3Dopener%26frame%3Df3751f331cc 2d4%26result%3D%2522xxRESULTTOKENxx%2522&display=popup&action_type=jangoapp %3Atune_in_to&action_properties=%7B%22radio_station%22%3A%22https%3A%2F%2Fww w.jango.com%2Fstations%2F267959006%2Ftunein%22%7D&client_id=131549503542594&ret =login&sdk=joey&ext=1491949001&hash=AeZN910omjQGmx4h.)

47.     Claim 14 of the '310 patent generally recites the system of claim 1, where the first computer system is configured to convert the mediagram into a format suitable for transfer to the server.

48.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 14 of the '310 patent.  (*See*, *e.g*., citations for claim 1.)

49.     Claim 15 of the '310 patent generally recites the system of claim 1, where a second user is notified when the mediagram is available.

50.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 15 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and http://www.jango.com/faq.)

51.     Claim 16 of the '310 patent generally recites the system of claim 15, where the notification the mediagram is available is sent via an email message containing a link to the mediagram.

52.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 16 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and http://www.jango.com/faq.)

53.     Claim 17 of the '310 patent generally recites the system of claim 1, where the user enters user registration information for authenticating access to the server before the mediagram can be stored on the server.

54.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 17 of the '310 patent.  (*See*, *e.g*., citations for claim 1; http://www.jango.com/faq; http://www.jango.com/users/61073013/settings_edit?page_type=about.)

55.     Claim 22 of the '310 patent generally recites the system of claim 1, where the user authenticates access to the server using registration information.

56.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 22 of the '310 patent.  (*See*, *e.g*., citations for claim 1; http://www.jango.com/users/61073013/settings_edit?page_type=about; http://www.jango.com/faq.)

57.     Claim 23 of the '310 patent generally recites the system of claim 1, where the server comprises a plurality of computers.

58.     On information and belief, the '310 Accused Instrumentalities infringe at least claim 23 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and https://bitcoinmagazine.com/articles/neucoin-reaches-users-after-launch-of-facebook-game-and-jango-radio-1458231423/.)

59.     Claim 24 of the '310 patent generally recites the system of claim 1, where the server generates hyperlinks to the mediagram to enable publication via a web page.

60.    On information and belief, the '310 Accused Instrumentalities infringe at least claim 24 of the '310 patent.  (*See*, *e.g*., citations for claim 1 and http://www.jango.com/music/Bryan+Adams.)

61.    Claim 28 of the '310 patent generally recites the system of claim 1, where the creator of the ordered list controls contents of the ordered list.

62.    On information and belief, the '310 Accused Instrumentalities infringe at least claim 28 of the '310 patent.  (*See*, *e.g*., citations for claim 1; http://www.jango.com/faq.)

63.    On information and belief, these '310 Accused Instrumentalities are used marketed, provided to, and/or used by or for each Defendant's partners, clients, customers and end users across the country and in this District.

64.    Each Defendant was made aware of the '310 patent and its infringement thereof at least as early as the filing of this Complaint.

65.    Upon information and belief, since at least the filing of this Complaint, each Defendant has induced and continues to induce others to infringe at least one claim of the '310 patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each Defendant's partners, clients, customers, and end users, whose use of the '310 Accused Instrumentalities constitutes direct infringement of at least one claim of the '310 patent.

66.    In particular, each Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include using, advertising and distributing the '310 Accused Instrumentalities and providing playlists, instruction materials, training, and services regarding the '310 Accused Instrumentalities.  On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful

blindness to the resulting infringement since each Defendant has had actual knowledge of the '310 patent and knowledge that its acts were inducing infringement of the '310 patent since at least the date each Defendant received notice that such activities infringed the '310 patent.

67.     Upon information and belief, since at least the filing of this Complaint, each Defendant is liable as a contributory infringer of the '310 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States media content delivery in shared networks to be especially made or adapted for use in an infringement of the '310 patent.  The '310 Accused Instrumentalities are a material component for use in practicing the '310 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

68.     Plaintiff has been harmed by each Defendant's infringing activities.


## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,472,175

69.     The allegations set forth in the aforementioned paragraphs 1 through 68 are incorporated into this Second Count for Relief.

70.     On December 30, 2008, U.S. Patent No. 7,472,175 ("the '175 patent"), entitled "System for Creating and Posting Media for Sharing on a Communication Network," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '175 patent is attached as Exhibit 2.

71.     The inventive embodiments of the '175 patent resolve technical problems related to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post, share, and playback media, overcoming posting and interface issues specific to different computing systems and accounts on shared networks.

72.     The claims of the '175 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet.  Instead, the claims of the '175 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to deliver content and provide interface among different accounts and computing systems.

73.     The claims of the '175 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to deliver content, integrate application interfaces and other protocols together on shared networks.  The '175 patent claims thus include improvements for, for example, embedding media information and propagating changes in the media information to yield a desired result.

74.     The technology claimed in the '175 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

75.     Accordingly, each claim of the '175 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

76.     Plaintiff is the assignee and owner of the right, title and interest in and to the '175 patent, including the right to assert all causes of action arising under the patents and the right to any remedies for infringement of them.

77.      Upon information and belief, each Defendant has and continues to directly infringe at least claims 1 and 4 of the '175 patent by making, using, selling, importing, and/or providing and causing to be used without authority within the United States, a system directed to

a specific functionality of computers and networks to share media for playback; for example, the embodiments include mediagrams to share and playback media in a shared computer network environment (the "'175 Accused Instrumentalities").  The '175 Accused Instrumentalities include at least jango.com, Jango Radio, Jangomusicnetwork, Jango Soundpedia, and Radio Airplay services and systems implementing that service (*e.g.* online, device Apps and websites).

78.     In particular, claim 1 of the '175 patent generally recites a system for sharing media for retrieval, the system having: a first computer system configured to connect to a server via a communication network; where the first computer system is configured to create a mediagram specified by a creator user, where the mediagram includes an atomic unit having at least one reference to audio data and a set of media attributes, where the atomic unit is a logical entity that is not further divisible; the server configured to receive and store the mediagram; the mediagram referenced in an ordered list in the server; where position of the mediagram within the ordered list is based upon a popularity ranking; the server configured to present the ordered list having the mediagram to at least one client computer to enable a user of the at least one client computer to select a list item for retrieval from the server; the ordered list and contents of the ordered list are altered dynamically as a result of input provided to the ordered list; the at least one client computer configured to retrieve the mediagram from the server in response to the selection and where the at least one client computer is configured to reference the mediagram in the ordered list; the at least one client computer configured to retrieve the audio data using the reference to the audio data contained in the mediagram; and the at least one client computer is configured to present the mediagram to enable the user of the at least one client computer to select the mediagram for playback of the audio data referenced by the mediagram.

79.     On information and belief, the '175 Accused Instrumentalities infringe at least claim 1 of the '175 patent.  The citations include Natural Cut products that read on the claim. (*See*, *e.g.*, http://www.Jango.com; http://www.jango.com/faq;

http://www.jango.com/music/Bruce+Springsteen;

http://www.jango.com/music/Bruce+Springsteen+With+The+Sessions+Band;

http://www.jango.com/music/Bruce+Springsteen+The+E+Street+Band;

http://www.jango.com/profiles/61073013?ft=1;

http://www.jango.com/music/Bryan+Adams/artist_pictures?page=3;

http://www.jango.com/users/61073013/stations;

https://www.facebook.com/v2.8/dialog/share_open_graph?redirect_uri=http%3A%2F%2Fstaticx x.facebook.com%2Fconnect%2Fxd_arbiter%2Fr%2FiKWhU6BAGf7.js%3Fversion%3D42%23 cb%3Df3d6e5ba3584e98%26domain%3Dwww.jango.com%26origin%3Dhttp%253A%252F%2 52Fwww.jango.com%252Ff3eff1ee4aeb894%26relation%3Dopener%26frame%3Df3751f331cc 2d4%26result%3D%2522xxRESULTTOKENxx%2522&display=popup&action_type=jangoapp %3Atune_in_to&action_properties=%7B%22radio_station%22%3A%22https%3A%2F%2Fww w.jango.com%2Fstations%2F267959006%2Ftunein%22%7D&client_id=131549503542594&ret =login&sdk=joey&ext=1491949001&hash=AeZN910omjQGmx4h.)

80.     Claim 4 of the '175 patent generally recites a system for sharing media for retrieval, the system having: a first client computer configured to connect to a server via a communication network; where the server includes references to audio data stored in the server, where the audio data is from a plurality of sources and is stored in condition for retrieval; where the first client computer is configured to obtain the references to the audio data from the server; where the first client computer is configured to create a mediagram specified by a creator user,

where the mediagram includes the references enabling retrieval of the audio data, where the

mediagram includes an atomic unit having at least one reference to the audio data and a set of

media attributes, where the atomic unit is a logical entity that is not further divisible; where the

first client computer is configured to publish the mediagram to the server via the communication

network; where the server is configured to receive and store the mediagram that includes the

references enabling retrieval of the audio data; where the mediagram is referenced in an ordered

list in the server; where position of the mediagram within the ordered list is based upon a

popularity ranking; where the server is configured to cause the ordered list having the mediagram

to be displayed on at least one other client computer in a way that enables a user of at least one

other client computer to select a list item for retrieval to the at least one other client; and, where

the ordered list and contents of the ordered list are altered dynamically as a result of input

provided to the ordered list.

On information and belief, the '175 Accused Instrumentalities infringe at least claim 4 of the

'175 patent.  The citations include Natural Cut products that read on the claim. (*See*, *e.g.*,

http://www.Jango.com; http://www.jango.com/faq;

http://www.jango.com/music/Bruce+Springsteen;

http://www.jango.com/music/Bruce+Springsteen+With+The+Sessions+Band;

http://www.jango.com/music/Bruce+Springsteen+The+E+Street+Band;

http://www.jango.com/profiles/61073013?ft=1;

http://www.jango.com/music/Bryan+Adams/artist_pictures?page=3;

http://www.jango.com/users/61073013/stations;

https://www.facebook.com/v2.8/dialog/share_open_graph?redirect_uri=http%3A%2F%2Fstaticx

x.facebook.com%2Fconnect%2Fxd_arbiter%2Fr%2FiKWhU6BAGf7.js%3Fversion%3D42%23

cb%3Df3d6e5ba3584e98%26domain%3Dwww.jango.com%26origin%3Dhttp%253A%252F%2

52Fwww.jango.com%252Ff3eff1ee4aeb894%26relation%3Dopener%26frame%3Df3751f331cc

2d4%26result%3D%2522xxRESULTTOKENxx%2522&display=popup&action_type=jangoapp

%3Atune_in_to&action_properties=%7B%22radio_station%22%3A%22https%3A%2F%2Fww

w.jango.com%2Fstations%2F267959006%2Ftunein%22%7D&client_id=131549503542594&ret

=login&sdk=joey&ext=1491949001&hash=AeZN910omjQGmx4h.)

81.    On information and belief, these '175 Accused Instrumentalities are used

marketed, provided to, and/or used by or for each Defendant's partners, clients, customers and

end users across the country and in this District.

82.    Each Defendant was made aware of the '175 patent and its infringement thereof at

least as early as the filing of this Complaint.

83.    Upon information and belief, since at least the filing of this Complaint, each

Defendant has induced and continues to induce others to infringe at least one claim of the '175

patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness,

actively aiding and abetting others to infringe, including but not limited to each Defendant's

partners, clients, customers, and end users, whose use of the '175 Accused Instrumentalities

constitutes direct infringement of at least one claim of the '175 patent.

84.    In particular, each Defendant's actions that aid and abet others such as its

partners, customers, clients, and end users to infringe include using, advertising and distributing

the '175 Accused Instrumentalities and providing playlists, instruction materials, training, and

services regarding the '175 Accused Instrumentalities.  On information and belief, each

Defendant has engaged in such actions with specific intent to cause infringement or with willful

blindness to the resulting infringement since each Defendant has had actual knowledge of the

'175 patent and knowledge that its acts were inducing infringement of the '175 patent since at least the date each Defendant received notice that such activities infringed the '175 patent.

85.     Upon information and belief, since at least the filing of this Complaint, each Defendant is liable as a contributory infringer of the '175 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States media content delivery in shared networks to be especially made or adapted for use in an infringement of the '175 patent.  The '175 Accused Instrumentalities are a material component for use in practicing the '175 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

86.     Plaintiff has been harmed by each Defendant's infringing activities.

## COUNT III– INFRINGEMENT OF U.S. PATENT NO. 8,725,832

87.     The allegations set forth in the aforementioned paragraphs 1 through 86 are incorporated into this Third Count for Relief.

88.     On May 13, 2014, U.S. Patent No. 8,725,832 ("the '832 patent"), entitled "System and Method for Creating and Posting Media Lists for Purposes of Subsequent Playback," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '832 patent is attached as Exhibit 3.

89.     The inventive embodiments of the '832 patent resolve technical problems related to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post, share, and playback media, overcoming posting and interface issues specific to different computing systems and accounts on shared networks.

90.     The claims of the '832 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on

the Internet.  Instead, the claims of the '832 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to deliver content and provide interface among different accounts and computing systems.

91.     The claims of the '832 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to deliver content, integrate application interfaces and other protocols together on shared networks.  The '832 patent claims thus include improvements for, for example, embedding media information and propagating changes in the media information to yield a desired result.

92.     The technology claimed in the '832 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

93.     Accordingly, each claim of the '832 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

94.     Plaintiff is the assignee and owner of the right, title and interest in and to the '832 patent, including the right to assert all causes of action arising under the patents and the right to any remedies for infringement of them.

95.     Upon information and belief, each Defendant has and continues to directly infringe at least claims 1 – 4, 6 – 8, 10, and 17 of the '832 patent by making, using, selling, importing, and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to share media for playback; for example, the embodiments include a system to transfer lists and propagate changes

in lists in a computer network environment (the "'832 Accused Instrumentalities"). The '832

Accused Instrumentalities include at least jango.com, Jango Radio, Jangomusicnetwork, Jango

Soundpedia, and Radio Airplay services and systems implementing that service (*e.g.* online,

device Apps and websites).

96.     In particular, claim 1 of the '832 patent generally recites a system having: a first

computer configured to receive and store media content having media data for distribution to at

least one second computer remote from the first computer, create a plurality of dynamic lists,

each having a plurality of first list items which are arranged in a dynamically modifiable order,

the dynamically modifiable order being changeable in response to an addition of a new list item

to the plurality of dynamic lists, add at least one first reference to the media content to a first

dynamic list of the plurality of dynamic lists, and enable access to the first dynamic list by at

least one first user of the second computer in accordance with sharing information provided by a

second user of the first computer; where at least one of the plurality of dynamic lists includes a

hierarchy of the plurality of dynamic lists that are interrelated, the hierarchy being navigable by

the second user where the second computer is configured to receive at least one dynamic list of

the plurality of dynamic lists from the first computer, display the received dynamic list to the

first user, receive a user input selecting a list item of the received dynamic list containing a

reference to the media data, download the media data in response to the reception of the user

input; and where the second computer is further configured to receive a notification that the

media data has been changed, download the media data which has been changed in response to

the reception of the notification, and notify the first user that the media data which has been

changed has been downloaded.

97. On information and belief, the '832 Accused Instrumentalities infringe at least claim 1 of the '832 patent. The citations include Natural Cut products that read on the claim. (*See*, *e.g.*, http://www.Jango.com; http://www.jango.com/faq;

http://www.jango.com/stations/263448187/tunein;

http://www.radioairplay.com/music+promotion/how_it_works;

http://www.radioairplay.com/music+promotion/listener_targeting;

http://www.jango.com/users/61073013/stations.)

98. Claim 2 of the '832 patent generally recites the system of claim 1, where the media data includes at least one of audio data, video data, photographic data, textual data, database data, web content data, and programming code data.

99. On information and belief, the '832 Accused Instrumentalities infringe at least claim 2 of the '832 patent. (*See*, *e.g.*, citations for '832 patent claim 1; www.jango.com; http://www.jango.com/stations/263448187/tunein.)

100. Claim 3 of the '832 patent generally recites the system of claim 1, where at least one of the plurality of dynamic lists includes content obtained by the first computer based on pre-defined criteria.

101. On information and belief, the '832 Accused Instrumentalities infringe at least claim 3 of the '832 patent. (*See*, *e.g.*, citations for '832 patent claim 1; www.jango.com; http://www.jango.com/stations/263448187/tunein.)

102. Claim 4 of the '832 patent generally recites the system of claim 3, where the pre-defined criteria includes at least one of a user behavior criteria, a category criteria, and a ranking criteria.

103.    On information and belief, the '832 Accused Instrumentalities infringe at least claim 4 of the '832 patent. (*See*, *e.g*., citations for '832 patent claims 1 and 3 and www.jango.com/faq.)

104.    Claim 6 of the '832 patent generally recites the system of claim 1, where at least a second dynamic list of the plurality of dynamic lists includes a mediagram.

105.    On information and belief, the '832 Accused Instrumentalities infringe at least claim 6 of the '832 patent.  (*See*, *e.g*., citations for '832 patent claim 1; http://www.jango.com/stations/263448187/tunein; http://www.jango.com/music/Bruno+Mars.)

106.    Claim 7 of the '832 patent generally recites the system of claim 6, where the first computer is further configured to receive a changed version of the second dynamic list and store the changed version of the second dynamic list in a data store thereof.

107.    On information and belief, the '832 Accused Instrumentalities infringe at least claim 7 of the '832 patent.  (*See*, *e.g*., citations for '832 patent claims 1 and 6; www.jango.com/faq.)

108.    Claim 8 of the '832 patent generally recites the system of claim 1, where the first computer is further configured to communicate media data parameters to the second computer, the media data parameters indicating data formats that are supported by the first computer.

109.    On information and belief, the '832 Accused Instrumentalities infringe at least claim 8 of the '832 patent.  (*See*, *e.g*., citations for '832 patent claim 1; http://www.radioairplay.com/music+promotion/how_it_works.)

110.    Claim 10 of the '832 patent generally recites the system of claim 1, where the first computer is further configured to compute popularity data for the media content based on user

behavior, and create a second dynamic list comprising at least one second reference to the media content and a ranking of the media content based on the popularity data.

111.    On information and belief, the '832 Accused Instrumentalities infringe at least claim 10 of the '832 patent.  (*See*, *e.g.*, citations for '832 patent claim 1; www.jango.com/faq.)

112.    Claim 17 of the '832 patent generally recites a system having: a first computer configured to receive and store media content having media data for distribution to at least one second computer remote from the first computer, create a plurality of dynamic lists, each having a plurality of first list items which are arranged in a dynamically modifiable order, the dynamically modifiable order being changeable in response to an addition of a new list item to the plurality of dynamic lists, add at least one first reference to the media content to a first dynamic list of the plurality of dynamic lists, and enable access to the first dynamic list by at least one first user of the second computer in accordance with sharing information provided by a second user of the first computer; where at least one of the plurality of dynamic lists includes a hierarchy of the plurality of dynamic lists that are interrelated, the hierarchy being navigable by the second user; where at least a second dynamic list of the plurality of dynamic lists includes a mediagram; where the first computer is further configured to receive a changed version of the second dynamic list and store the changed version of the second dynamic list in a data store thereof; and where the changed version of the second dynamic list includes at least one changed media attribute associated with media data referenced by the second dynamic list.

113.    On information and belief, the '832 Accused Instrumentalities infringe at least claim 17 of the '832 patent.  The citations include Natural Cut products that read on the claim. (*See*, *e.g.*, http://www.Jango.com; http://www.jango.com/faq;

http://www.jango.com/stations/263448187/tunein;

http://www.radioairplay.com/music+promotion/how_it_works;

http://www.radioairplay.com/music+promotion/listener_targeting;

http://www.jango.com/users/61073013/stations; http://www.jango.com/music/Bruno+Mars;

http://www.jango.com/music/Bruno+Mars/_more_songs.)

114.    On information and belief, these '832 Accused Instrumentalities are used
marketed, provided to, and/or used by or for each Defendant's partners, clients, customers and
end users across the country and in this District.

115.    Each Defendant was made aware of the '832 patent and its infringement thereof at
least as early as the filing of this Complaint.

116.    Upon information and belief, since at least the filing of this Complaint, each
Defendant has induced and continues to induce others to infringe at least one claim of the '832
patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness,
actively aiding and abetting others to infringe, including but not limited to each Defendant's
partners, clients, customers, and end users, whose use of the '832 Accused Instrumentalities
constitutes direct infringement of at least one claim of the '832 patent.

117.    In particular, each Defendant's actions that aid and abet others such as its
partners, customers, clients, and end users to infringe include using, advertising and distributing
the '832 Accused Instrumentalities and providing playlists, instruction materials, training, and
services regarding the '832 Accused Instrumentalities.  On information and belief, each
Defendant has engaged in such actions with specific intent to cause infringement or with willful
blindness to the resulting infringement since each Defendant has had actual knowledge of the
'832 patent and knowledge that its acts were inducing infringement of the '832 patent since at
least the date each Defendant received notice that such activities infringed the '832 patent.

118.    Upon information and belief, since at least the filing of this Complaint, each Defendant is liable as a contributory infringer of the '832 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States media content delivery in shared networks to be especially made or adapted for use in an infringement of the '832 patent.  The '832 Accused Instrumentalities are a material component for use in practicing the '832 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

119.    Plaintiff has been harmed by each Defendant's infringing activities.


## COUNT IV– INFRINGEMENT OF U.S. PATENT NO. 8,959,181

120.    The allegations set forth in the aforementioned paragraphs 1 through 119 are incorporated into this Fourth Claim for Relief.

121.    On February 17, 2015, U.S. Patent No. 8,959,181 ("the '181 patent"), entitled "System and Method for Creating and Posting Media Lists for Purposes of Subsequent Playback," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '181 patent is attached as Exhibit 4.

122.    The inventive embodiments of the '181 patent resolve technical problems related to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post, share, and playback media, overcoming posting and interface issues specific to different computing systems and accounts on shared networks.

123.    The claims of the '181 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet.  Instead, the claims of the '181 patent recite one or more inventive concepts that are

rooted in computerized electronic data communications networks, and an improved method to deliver content and provide interface among different accounts and computing systems.

124.    The claims of the '181 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to deliver content, integrate application interfaces and other protocols together on shared networks.  The '181 patent claims thus include improvements for, for example, of embedding information and propagating changes in the information to yield a desired result.

125.    The technology claimed in the '181 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

126.    Accordingly, each claim of the '181 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

127.    Plaintiff is the assignee and owner of the right, title and interest in and to the '181 patent, including the right to assert all causes of action arising under the patents and the right to any remedies for infringement of them.

128.    Upon information and belief, each Defendant has and continues to directly infringe at least claims 19 – 20, and 25 of the '181 patent by making, using, selling, importing, and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to share media for playback; for example, the embodiments include a system to add content and enable access to lists in a computer network environment (the "'181 Accused Instrumentalities").  The '181 Accused

Instrumentalities include at least jango.com, Jango Radio, Jangomusicnetwork, Jango

Soundpedia, and Radio Airplay services and systems implementing that service (*e.g.* online,

device Apps and websites).

129.     In particular, claim 19 of the '181 patent generally recites a system having: a first

computer configured to receive and store media content having media data for distribution to at

least one second computer remote from the first computer, create a plurality of dynamic lists,

each having a plurality of first list items which are arranged in a dynamically modifiable order,

the dynamically modifiable order being changeable in response to an addition of a new list item

to the plurality of dynamic lists, add at least one first reference to the media content to a first

dynamic list of the plurality of dynamic lists, enable access to the first dynamic list by at least

one first user of the second computer in accordance with sharing information provided by a

second user of the first computer, receive a notification that the first media content has been

modified, and download the first media content which has been modified in response to the

notification; where at least one of the plurality of dynamic lists includes a hierarchy of the

plurality of dynamic lists that are interrelated, the hierarchy being navigable by the second user.

130.     On information and belief, the '181 Accused Instrumentalities infringe at least

claim 19 of the '181 patent.  The citations include Natural Cut products that read on the claim.

(*See*, *e.g*., http://www.Jango.com; http://www.jango.com/faq;

http://www.jango.com/stations/263448187/tunein;

http://www.radioairplay.com/music+promotion/how_it_works;

http://www.radioairplay.com/music+promotion/listener_targeting;

http://www.jango.com/users/61073013/stations; http://www.jango.com/music/Bruno+Mars;

http://www.jango.com/music/Bruno+Mars/_more_songs.)

131.    Claim 20 of the '181 patent generally recites the system of claim 19, where the computer is further configured to compute popularity data for said media content based on user behavior, and create a second dynamic list comprising at least one second reference to said media content and a ranking of said media content based on said popularity data.

132.    On information and belief, the '181 Accused Instrumentalities infringe at least claim 20 of the '181 patent. (*See*, *e.g*., citations for '181 patent claim 19 and http://www.jango.com/faq.)

133.    Claim 25 of the '181 patent generally recites the system of claim 19, where at least one item of said plurality of first list items comprises a reference to a hierarchical list.

134.    On information and belief, the '181 Accused Instrumentalities infringe at least claim 25 of the '181 patent. (*See*, *e.g*., citations for '181 patent claim 19 and http://www.jango.com/music/Bruno+Mars; http://www.jango.com/music/Bruno+Mars/_more_songs.)

135.    On information and belief, these '181 Accused Instrumentalities are used marketed, provided to, and/or used by or for each Defendant's partners, clients, customers and end users across the country and in this District.

136.    Each Defendant was made aware of the '181 patent and its infringement thereof at least as early as the filing of this Complaint.

137.    Upon information and belief, since at least the filing of this Complaint, each Defendant has induced and continues to induce others to infringe at least one claim of the '181 patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each Defendant's

partners, clients, customers, and end users, whose use of the '181 Accused Instrumentalities constitutes direct infringement of at least one claim of the '181 patent.

138.    In particular, each Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include using, advertising and distributing the '181 Accused Instrumentalities and providing playlists, instruction materials, training, and services regarding the '181 Accused Instrumentalities.  On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement since each Defendant has had actual knowledge of the '181 patent and knowledge that its acts were inducing infringement of the '181 patent since at least the date each Defendant received notice that such activities infringed the '181 patent.

139.    Upon information and belief, since at least the filing of this Complaint, each Defendant is liable as a contributory infringer of the '181 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized trading platforms to be especially made or adapted for use in an infringement of the '181 patent.  The '181 Accused Instrumentalities are a material component for use in practicing the '181 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

140.    Plaintiff has been harmed by each Defendant's infringing activities.


**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,015,263**

141.    The allegations set forth in the aforementioned paragraphs 1 through 140 are incorporated into this Fifth Count for Relief.

142.    On September 6, 2011, U.S. Patent No. 8,015,263 ("the '263 patent"), entitled "System and Method for Creating and Posting Media Lists for Purposes of Subsequent

Playback," was duly and legally issued by the United States Patent and Trademark Office.   A
true and correct copy of the '263 patent is attached as Exhibit 5.

143.     The inventive embodiments of the '263 patent resolve technical problems related
to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post,
share, and playback media, overcoming posting and interface issues specific to different
computing systems and accounts on shared networks.

144.     The claims of the '263 patent do not merely recite the performance of some
business practice known from the pre-Internet world along with a requirement to perform it on
the Internet.   Instead, the claims of the '263 patent recite one or more inventive concepts that are
rooted in computerized electronic data communications networks, and an improved method to
deliver content and provide interface among different accounts and computing systems.

145.     The claims of the '263 patent recite an invention that is not merely the routine or
conventional use of electronic devices for communications.   Instead, among other things, the
invention adds new features to deliver content, integrate application interfaces and other
protocols together on shared networks.   The '263 patent claims thus include improvements for,
for example, embedding media information and propagating changes in the media information to
yield a desired result.

146.     The technology claimed in the '263 patent does not preempt all ways of using
computerized devices or transmitting information over networks, nor preempt any other well-
known or prior art technology.

147.     Accordingly, each claim of the '263 patent recites a combination of elements
sufficient to ensure that the claim in practice amounts to significantly more than a patent on an
ineligible concept.

148.    Plaintiff is the assignee and owner of the right, title and interest in and to the '263 patent, including the right to assert all causes of action arising under the patents and the right to any remedies for infringement of them.

149.     Upon information and belief, each Defendant has and continues to directly infringe at least, for example, claims 1 and 2 of the '263 patent by making, using, selling, importing, and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to share media for playback; for example, the embodiments include providing references to media data to share and playback media in a shared computer network environment (the "'263 Accused Instrumentalities"). The '263 Accused Instrumentalities include at least jango.com, Jango Radio, Jangomusicnetwork, Jango Soundpedia, and Radio Airplay services and systems implementing that service (*e.g.* music aggregators, online, device Apps and websites).

150.    For example, claim 1 of the '263 patent generally recites a system for sharing audio for playback, the system having: a first computer with a first processor, a first communications interface controllable by the first processor, and a first memory. The first memory includes program code executable by the first processor for performing the following: providing one or more references to media data to a server computer for sharing the media data for distribution, the media data having one or more references to audio data, and a set of media attributes; receiving an ordered list from the server computer, the ordered list having a plurality of references to media data, including a reference to the media data; displaying the ordered list; accepting selection of a list item containing the reference to the media data; in response to the selection of the list item, downloading and storing the media data and the audio data referenced by the media data; obtaining notification of changes to the media data, and in response to the

notification, automatically downloading and storing the media data and the audio data; record the

audio data, encode the audio data in a format suitable for transfer to the server, and store the

audio data on the first computer for subsequent retrieval; and retrieve the audio data and transfer

the audio data to the server.

151.    On information and belief, the '263 Accused Instrumentalities infringe at least

claim 1 of the '263 patent.  The citations include Natural Cut products that read on the claim, and

Natural Cut and its users using the products. (*See*, *e.g.*, http://www.Jango.com;

http://www.Jango.com/faq; http://www.radioairplay.com/music+promotion/guaranteed_airplay;

http://www.radioairplay.com/music_promotion/faq#q5;

http://www.radioairplay.com/music+promotion/how_it_works;

http://www.jango.com/music/Bruce+Springsteen+With+The+Sessions+Band;

http://www.radioairplay.com/music_promotion/faq#q0.)

152.    Claim 2 of the '263 patent generally recites the system of claim 1, where the

program code further causes the first processor to perform the following steps: creating a

distribution list containing a reference to the audio data for purposes of distribution of the audio

data; and sending the audio data to another computer according to the distribution list.

153.    On information and belief, the '263 Accused Instrumentalities infringe at least

claim 2 of the '263 patent. (*See*, *e.g*., citations for '263 patent claim 1 and

http://www.Jango.com/faq; http://www.radioairplay.com/music+promotion/how_it_works.)

154.    On information and belief, these '263 Accused Instrumentalities are used

marketed, provided to, and/or used by or for each Defendant's partners, clients, customers and

end users across the country and in this District.

155.    Each Defendant was made aware of the '263 patent and its infringement thereof at least as early as the filing of this Complaint.

156.    Upon information and belief, since at least the filing of this Complaint, each Defendant has induced and continues to induce others to infringe at least one claim of the '263 patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each Defendant's partners, clients, customers, and end users, whose use of the '263 Accused Instrumentalities constitutes direct infringement of at least one claim of the '263 patent.

157.    In particular, each Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include using, advertising and distributing the '263 Accused Instrumentalities and providing playlists, instruction materials, training, and services regarding the '263 Accused Instrumentalities.  On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement since each Defendant has had actual knowledge of the '263 patent and knowledge that its acts were inducing infringement of the '263 patent since at least the date each Defendant received notice that such activities infringed the '263 patent.

158.    Upon information and belief, since at least the filing of this Complaint, each Defendant is liable as a contributory infringer of the '263 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States media content delivery in shared networks to be especially made or adapted for use in an infringement of the '263 patent.  The '263 Accused Instrumentalities are a material component for use in practicing the '263 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

159.     Plaintiff has been harmed by each Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against each Defendant as follows:

A.      An adjudication that each Defendant has infringed the '310, '175, '263, '832, and '181 patents;

B.      An award of damages to be paid by each Defendant adequate to compensate Plaintiff for  each Defendant's past infringement of the '310, '175, '263, '832, and '181 patents, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.      An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: June 12, 2017                    DEVLIN LAW FIRM LLC

                                        */s/ Timothy Devlin*
                                        Timothy Devlin (#4241)
                                        tdevlin@devlinlawfirm.com
                                        Dolly Wu (Texas 24068626)
                                        dwu@devlinlawfirm.com
                                        Robert Kiddie (Texas 24060092)
                                        rkiddie@devlinlawfirm.com
                                        1306 N. Broom St., 1st Floor
                                        Wilmington, Delaware 19806
                                        Telephone: (302) 449-9010
                                        Facsimile: (302) 353-4251

                                        *Attorneys for Plaintiff Post Media Systems LLC*